UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL JARA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-3111 |
| | § | |
| HARRIS COUNTY TOLL ROAD | § | |
| AUTHORITY, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

**I.**

Before the Court is the defendants', Harris County, Texas and Harris County Toll Road Authority ("HCTRA), motion to dismiss [DE 4] the suit of the plaintiff, Daniel Jara, and the plaintiff's response [DE 10].

The Court has reviewed the defendants' motion and finds that dismissal is sought on the following bases: (a) the HCTRA is a department of Harris County and, therefore, is a *non sui juris*; and (b) the allegation that the defendants mishandled the plaintiff's credit card account, is an allegation for breach of contract, not a violation of the federal Constitution.

**II.**

Whether the defendant's FRCP, Rule 12(b)(6) motion to dismiss should be granted turns on the propriety of the claims asserted by the plaintiff. After a review of the facts asserted by the plaintiff and the case law, state and federal, that are applicable to the claims, the Court determines that the defendant's motion to dismiss should be granted. Although *Iqbal* dictates that a court accept all "well-pleaded facts" as true when addressing a motion to dismiss, this duty does not require that the court to ignore structural, substantive or legal defects that would prevent

the case from proceeding. *Ashcroft v. Iqbal*, 566 U.S. 662, 677-78 (2009). Therefore, the face of the complaint must reveal that there is evidence and/or law applicable to the pleaded facts that ushers the case forward. *See Lormand v. U. S. Unwired, Inc.,* 526 F.3d 228 (5th Cir. 2009).

### III.

The plaintiff's suit against the HCTRA is dismissed with prejudice. Case law is clear that the HCTRA is not a separate legal entity but, instead is a department within Harris County. *Driscoll v. Harris County Commissioners Court*, 688 S.W. 2d 1569 (Tex. Civ. App.—Houston (14th Dist.) 1984, writ ref'd n.r.e.) (en banc). As a consequence, the HCTRA is *non sui juris* and not subject to a lawsuit. *See Darby v. Pasadena Police Dept.*, 939 F.2d 311 (5th Cir. 1991).

The plaintiff's assertion of a breach of contract is the sole basis for his civil rights suit under 42 U.S.C. § 1983. The claim is baseless, lacking support in the federal Constitution, statutory or case law. A § 1983 violation requires a claimant to establish that: (a) a right under the Constitution or federal statute was violated; (b) that the violation was a proximate cause of the claimed injury; (c) and the violation was committed by a person acting under "color of law". *See Love v. King*, 784 F.2d 712 (5th Cir. 1986). Hence, there must be a showing that Harris County abused governmental power by breaching a credit card contract between the parties. *Id.* However, a simple breach of contract between a governmental entity and a citizen, without more, does not rise to the level of a constitutional violation. *Braden v. Texas A & M University System*, 636 F.2d 90, 93 (5th Cir. 1981). Moreover, the plaintiff has no "inalienable" right to use Harris County's toll road apart from the contractual agreement about which he complains.

The plaintiff claims that by failing to make the proper credit card account numerical inputs, Harris County failed to collect the agreed toll fees resulting in his "right and privilege [to]

drive his vehicle [on Harris County's toll road(s)] has been impinged, further resulting in "manufactured default to charge collection fees and penalties . . .".

Assuming these allegations to be true, they do not state a justiciable cause of action under § 1983 because the plaintiff fails to point out a federal statute or Constitutional provision that § 1983 was intended to protect. At best, the plaintiff asserts a breach of contract and common law causes of action that are best handled in state courts. *Braden* 636 F.2d at 693.

Therefore, the plaintiff's § 1983 cause of action is DISMISSED with Prejudice. The plaintiff's state law causes of action are REMANDED to the 334th Judicial District Court of Harris County, Texas, based the Abstention Doctrine.

It is so Ordered.

SIGNED on this 8th day of February, 2018.

_____
Kenneth M. Hoyt
United States District Judge